IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LYMAN WHITAKER, an individual, and WHITAKER STUDIO, INC., a Utah corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>STANWOOD IMPORTS, a California corporation, and ORIENTAL TOUCH, LLC, a California limited liability company,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT STANWOOD IMPORTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:10-CV-539 TS |

This matter is before the Court on Defendant Stanwood Imports' ("Stanwood") Motion to Dismiss, which has been joined in by Defendant Oriental Touch, LLC ("Oriental Touch"). For the reasons discussed below, the Court will deny Defendant's Motion.

I. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6) or a judgment on the pleadings under Rule 12(c), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the

1

nonmoving party.[1] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[6]

## II. FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint and are presumed true for the purposes of this Order. Plaintiffs control the rights of certain copyrighted structures, namely the double spinner wind sculpture (the "copyrighted work"). The copyrighted work is an original work of authorship of Lyman Whitaker with the copyright owned by Whitaker Studio,

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Twombly*, 550 U.S. at 547.

Inc. Plaintiffs are the sole owners of reproduction, distribution, and derivative works rights of the copyrighted work. Registration of the copyrighted work has been obtained.

Plaintiff alleges that Defendants, without authorization from Plaintiffs, have used, sold, and distributed copies of a substantially similar wind sculpture titled "Double Spinner - Spinning Ficus Leaves" and/or "Kinetic Copper Wind Sculpture Dual Headed Spinner - Ficus Leaves" and continue to do so. Plaintiffs further allege that Defendants have had access to the copyrighted work, that Defendants have used, reproduced and distributed sculptures that are substantially similar to the copyrighted work without authorization from Plaintiffs, and that Defendants have benefitted monetarily from the infringement. Plaintiffs also alleged that they have suffered damage as a result of Defendants' alleged infringement.

Plaintiffs filed their Original Complaint in this matter on June 9, 2010, asserting a claim of copyright infringement. Defendant Stanwood moved to dismiss Plaintiff's Original Complaint. In response to Defendant's Motion, Plaintiff filed an Amended Complaint and also filed an opposition to the Motion. The Amended Complaint added Oriental Touch as a Defendant. Defendant Stanwood, in its reply, argues that the Amended Complaint does not cure the deficiencies of the Original Complaint and is still subject to dismissal. Oriental Touch has joined in the Motion to Dismiss.

### III. DISCUSSION

In order to prevail on a copyright infringement claim, Plaintiffs must establish: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are

original.[7] "Direct proof of copying is often hard to come by."[8] Therefore, a plaintiff can indirectly prove copying.[9] To do so, a Plaintiff must show both access to the copyrighted material and substantial similarities between the copyrighted material and the alleged copied material.[10]

Plaintiffs may meet their initial burden of establishing access by showing that Defendant had a reasonable opportunity to view or copy the allegedly infringed work.[11] "To decide whether two works are substantially similar we ask whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value."[12]

Defendants allege that Plaintiffs' Amended Complaint fails to state a claim for copyright infringement because: (1) Plaintiffs do not have a valid copyright; (2) Plaintiffs have failed to allege or show copying or access; and (3) Plaintiffs have failed to show substantial similarity. Defendant's second and third arguments concern the element of copying. The Court will address these arguments below.

---

[7] *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009).

[8] *Id*. at 1178.

[9] *Id*.

[10] *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996).

[11] *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1490 (10th Cir. 1993).

[12] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 643 (10th Cir. 2002) (citations and quotation marks omitted).

A. VALID COPYRIGHT

Defendant first argues that the copyrighted work is not entitled to copyright protection because it consists entirely of functional elements and *scene a faire*.

As set forth above, in order to state a claim for copyright infringement, Plaintiffs must allege ownership of a valid copyright. Plaintiffs' Amended Complaint alleges ownership of the copyrighted work for which a certificate of copyright registration has been obtained. "A plaintiff's presentation of a certificate of registration from the U.S. Copyright Office usually constitutes prima facie evidence of a valid copyright and of the facts stated in the certificate."[13] Based upon these facts, which the Court must accept as true for purposes of this Motion, Plaintiffs have presented sufficient allegations that they have a valid copyright. Defendants arguments concerning the validity of the copyright are better addressed on summary judgment.[14]

B. COPYING

As set forth above, Plaintiffs may prove copying either directly or indirectly. Plaintiffs' Amended Complaint contains allegations of both direct and indirect copying.[15] However, the allegations contained in the Amended Complaint border on the type of "labels and conclusions" and "naked assertions" recently rejected by the Supreme Court in *Twombly* and *Iqbal*.[16] Despite

---

[13]*Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005) (citing 17 U.S.C. § 410(c)).

[14]Defendant seems to recognize this when it argues that dismissal is only precluded if there are disputed issues of material fact, the standard for granting summary judgment. *See* Fed.R.Civ.P. 56(a) (effective December 1, 2010).

[15]Docket No. 11, ¶¶ 15, 20, 21.

[16]*See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949; *Twombly*, 550 U.S. at 555.

the conclusory nature of the allegations contained in the Amended Complaint, the Court finds that Plaintiff has presented sufficient allegations of copying to withstand a motion to dismiss. Therefore, Defendant's Motion will be denied on this ground.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 8) is DENIED.

The hearing set for December 16, 2010, is STRICKEN.

DATED   December 2, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge