IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LYMAN WHITAKER, an individual, and WHITAKER STUDIO, INC., a Utah corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>STANWOOD IMPORTS, a California corporation and ORIENTAL TOUCH, LLC, a California limited liability company,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS<br><br><br><br>Case No. 2:10-CV-539 TS |

This matter is before the Court on Defendants' Motion for Attorneys' Fees and Costs. For the reasons discussed below, the Court will deny Defendants' Motion.

I.  BACKGROUND

Plaintiff Lyman Whitaker ("Whitaker") is a Utah artist and is the owner and president of Whitaker Studio, Inc. (collectively "Plaintiffs"). Plaintiffs control the rights to a copyrighted work entitled the Double Spinner. The Double Spinner is a wind sculpture created by Plaintiff Lyman Whitaker. Defendants manufacture and distribute their own wind sculpture.

1

On June 9, 2010, Plaintiffs brought this action alleging that Defendants' product infringed their copyright. On September 30, 2010, Defendants sought dismissal of Plaintiffs' Complaint. Defendants argued that Plaintiffs' copyright was invalid, that Plaintiffs failed to allege that Defendants copied or had access to the Double Spinner, and that Plaintiffs failed to make any plausible allegations that their product was substantially similar to that of Plaintiffs.

On December 3, 2010, the Court denied Defendants' Motion to Dismiss. The Court found that Plaintiffs had presented plausible allegations to support their claims. Therefore, dismissal was not appropriate.

After the parties engaged in discovery, Defendants moved for summary judgment. Defendants argued that Plaintiffs could not meet the elements necessary to prevail on a copyright claim. Specifically, Defendants argued that Plaintiffs could not establish that Defendants either copied or had access to Plaintiffs' Double Spinner. Further, Defendants argued that the two products were not substantially similar. Plaintiffs opposed Defendants' motion for summary judgment, arguing that there was sufficient evidence to support an inference of access and that there were substantial similarities between the two products.

On January 17, 2013, the Court granted summary judgment in favor of Defendants. The Court found that Plaintiffs had failed to provide sufficient evidence of access. The Court further found that "no reasonable juror could find that the Stanwood Windmill is substantially similar to the Whitaker Sculpture."[1] Therefore, summary judgment was appropriate. Defendants now seek their attorneys' fees and costs.

---

[1] Docket No. 63, at 14.

## II.  DISCUSSION

17 U.S.C. § 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

The Supreme Court has held that, under this provision, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."[2]  "'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'"[3]

The Court provided several nonexclusive factors a court should consider, including "'frivolousness, motivation, objective unreasonableness (both in the factual and the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'"[4]  These "factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner."[5]  The Court will consider the parties arguments with respect to each of the factors below.

---

[2] *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

[3] *Id*.

[4] *Id*. at 534 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).

[5] *Id*.

A.    FRIVOLOUSNESS

Defendants do not argue that Plaintiffs' claims were frivolous. Even if Defendants did make such an argument, the Court would reject it. Defendants do argue that Plaintiffs' claims were objectively unreasonable, an argument the Court will address in further detail below.

B.    MOTIVATION

Defendants argue that Plaintiffs' motivation for bringing this action was to quash competition. In support, Defendants argue that Plaintiffs were aware of other alleged infringers, but chose to bring suit only against Defendants. When asked why Plaintiffs chose to sue Defendants, John Whitaker testified:

> The reason we chose that, again, was the perceived threat. And it looked like Stanwood was going after a very broad market base. They were marketing on Amazon.
> They also had the ability to produce huge numbers of sculptures as evidenced by the techniques that they used to build the sculptures.
> Those items were very threatening to us. . . .[6]

Defendants further argue that Plaintiffs' refusal to dismiss their lawsuit, combined with this evidence, is sufficient for the Court to infer that Plaintiffs had an improper motive.

Considering the evidence, the Court cannot find evidence of bad faith or an improper motive. While Defendants interpret Mr. Whitaker's statements as evidence that Plaintiffs sought to quash competition, the statements could just as easily be read to show that Plaintiffs were concerned for both the protection of their copyright as well as a desire to protect the value of

---

[6]Docket No. 80, Ex. A, at 81. In their response to Defendants' Motion, Plaintiffs argue that the Court should not rely on these deposition statements because Defendants did not attach the deposition to their Motion. Because Plaintiffs can show no prejudice as a result of Defendants' failure, the Court will consider these statements.

their product.[7] Thus, it would make sense that Plaintiffs would pursue litigation against their largest perceived threat.

Further, while a refusal to dismiss an action may, in some circumstances, show an improper motive, the evidence here does not support such a showing. Rather, as will be discussed in more detail below, Plaintiffs had a colorable claim and could legitimately pursue that claim to obtain their desired relief.

Defendants rely on *Bridgeport Music, Inc. v. Diamond Time, Ltd.*,[8] in support of their argument. However, in *Bridgeport Music, Inc.*, there was evidence from which the district court could "infer that the litigation was undertaken and prosecuted in a fashion that would multiply the fees and encourage nuisance settlement."[9] There is no such evidence here.

C.  OBJECTIVE UNREASONABLENESS

Defendants argue that the legal and factual basis for Plaintiffs' claims was objectively unreasonable. Essentially, Defendants argue that since the Court was able to determine this matter on summary judgment, Plaintiffs' claims must have been objectively unreasonable. However, the fact that Defendants were ultimately successful on summary judgment does not, by itself, entitle them to fees. To hold otherwise "would establish a per se entitlement of attorney's fees whenever issues pertaining to judgment are resolved against a copyright plaintiff. This is

---

[7]Docket No. 78, Ex. 2, at 90-91.

[8]371 F.3d 883 (6th Cir. 2004).

[9]*Id.* at 896.

not a correct construction of the law."[10]  Indeed, in *Fogerty*, the Supreme Court rejected such an interpretation of § 505.[11]

It is true that Defendants were ultimately successful on summary judgment, but this does not mean that Plaintiffs' claims were objectively unreasonable.  As set forth above, Plaintiffs' claims were able to withstand a motion to dismiss and it was only when the Court was able to closely consider all of the evidence in the context of the recent Tenth Circuit decision of *Blehm v. Jacobs*,[12] that the Court found in favor of Defendants.  While the Court ultimately found important differences between the products, there are indeed similarities which were pointed out by Plaintiffs.  Further, though the Court found that Plaintiffs had presented insufficient evidence from which a reasonable jury could find access, Plaintiffs presented a plausible argument based on the large number of products they had sold.

Defendants rely on *Yankee Candle Co., Inc. v. Bridgewater Candle Co., LLC*,[13] in support of their argument that Plaintiffs' actions were objectively unreasonable.  In *Yankee Candle*, as here, the court found that no reasonable juror could find substantial similarity between the parties' respective products.[14]  The court held that the "[p]laintiff's choice to bring such a

---

[10] *Silberstein v. Fox Entm't Grp., Inc.*, 536 F. Supp. 2d 440, 443 (S.D.N.Y. 2008) (internal quotation marks omitted).

[11] *Fogerty*, 510 U.S. at 533-34.

[12] 702 F.3d 1193 (10th Cir. 2012).

[13] 140 F. Supp. 2d 111 (D. Mass. 2001).

[14] *Id*. at 116.

factually weak claim, frivolous or not, is a relevant consideration in the determination of whether to award attorneys' fees."[15]

The Court agrees with this statement. However, a closer review of *Yankee Candle* reveals that other facts were important to the court's decision to award fees. For example, the court found that the plaintiff was "determined to make the litigation as damaging as possible" for the defendant and "employ[ed] egregiously aggressive litigation tactics."[16] Indeed, the court detailed the "discourteous litigation style" employed by the plaintiff's counsel in two separate footnotes noting that "[t]his kind of rudeness is the font of infinite lawyer jokes."[17] Thus, it was not just the fact that the defendants prevailed on summary judgment that influenced the *Yankee Candle* court's decision, but a combination of factors not present here that convinced the court that attorneys' fees were warranted.

D.  CONSIDERATIONS OF COMPENSATION AND DETERRENCE

The Court next considers "'the need in particular circumstances to advance considerations of compensation and deterrence.'"[18] In this case, Defendants argue that their "costs [in this litigation] are more than half of its profits in selling the work in question."[19]

---

[15]*Id*.

[16]*Id*. at 116, 118.

[17]*Id*. at 118 n.6.

[18]*Fogerty*, 510 U.S. at 534 n.19 (quoting *Lieb*, 788 F.2d at 156).

[19]Docket No. 80, at 6.

Defendants argue that "a failure to award fees would force defendants like Stanwood to settle these kinds of claims in the future, despite the presence of a meritorious defense."[20]

While the Court is sympathetic to the high cost of litigation that all parties must face, the Court cannot find any particular circumstances that favor the award of attorneys' fees. It is true that Plaintiffs' gross sales are much higher than those of Defendants. However, this fact fails to recognize the different manufacturing process and materials used, as well as the different consumers to whom each product is marketed. Therefore, this is not a fair indicator of the need for an award of attorneys' fees in this particular case.

E.  PURPOSES OF THE COPYRIGHT ACT

The Supreme Court stated that the above-listed "factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act."[21] "The primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public."[22]

> Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible. To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.[23]

---

[20] *Id.*

[21] *Fogerty*, 510 U.S. at 534 n.19.

[22] *Id.* at 524.

[23] *Id.* at 527.

In this case, though Plaintiffs were not ultimately successful, their claims were not objectively unreasonable and were not brought in bad faith. Thus, the Court finds that an award of attorneys' fees would not serve the purposes of the Copyright Act. Therefore, Defendants' Motion will be denied and the Court need not consider the other arguments raised by the parties.

## III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Attorneys' Fees and Costs (Docket No. 72) is DENIED.

The hearing set for April 16, 2013, is STRICKEN.

DATED   March 27, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge